Pearson, J.
 

 It is a well-established distinction, that where the “executive officers” have authority and jurisdiction to issue a grant for land, the grant cannot be collaterally impeached for defects or irregularity in any preliminary proceeding, or for fraud in obtaining it; because it is the act of the sovereign, and stands on the footing of a record, an d is valid, until set aside by a direct proceeding. But where the executive officers have no authority, or exceed their jurisdiction, the grant is absolutely void, and may be so treated in an action of ejectment.
 
 Stanmire
 
 v.
 
 Powell,
 
 13 Ire. Rep. 315, and the cases there cited.
 

 It is also a well-established distinction, that where an authority or jurisdiction is
 
 general,
 
 the action of the tribunal, upon whom it is conferred, is taken to be within its authority or jurisdiction, unless the contrary is shown. But where the authority or jurisdiction is
 
 special,
 
 in order to give effect to the action of the tribunal, it is necessary to show its authority or jurisdiction to do the act.
 
 Williams
 
 v. Harrington, 11 Ire. Rep. 621;
 
 Harriss
 
 v.
 
 Richardson,
 
 4 Dev. Rep. 279;
 
 Jennings
 
 v.
 
 Stafford,
 
 1 Ire. Rep. 404.
 

 Upon these two distinctions our case is easily disposed of. The Act of 1852, confers a
 
 general
 
 authority. It extends to
 
 *515
 
 all unsold land at a fixed price per acre. But it was properly admitted by the plaintiff’s counsel, that the grant to him could not be supported by the aid of that statute ; for two reasons: the statute only authorises the entry and grant of vacant and
 
 unsold
 
 land, whereas the land in controversy had been previously surveyed and sold according to the provision of the statutes in reference to land lying in the county of Cherokee ; and in the second place, the grant issued before that act went into operation.
 

 The acts of 1783, 1819, 1836, and other acts in reference to lands lying in the county of Cherokee, prior to the act of 1852, confer special authority, restricted to such land as is surveyed and sold, the price in each case to be ascertained by public biddings, and require that the land shall be disposed of at public sale by commissioners, upon whose certificates, &c., &c., power is given to the executive officers to issue grants to the purchasers or their assignees. So that in order to give validity to a grant issued under these statutes, the authority of these executive officers must be shown; in the same way, that in order to support a deed by the sheriff, his authority must be shown, by the production of an execution, or by showing that the land was liable to be sold for taxes, and that a state of things existed, which gave him authority under the several statutes, to sell and convey the same.
 

 In onr case the defendant went further than he was required, and proved that the executive officers had no authority to issue the grant under which the plaintiff claimed, for that he (the defendant) was a purchaser of the lands at the public sales in 1838; in evidence of which, he offered the certificate of Messrs. Hinton and Patterson, commissioners, who made the sale, and also proved that he had never been reported by the board of valuation to be insolvent. There is no principle upon which he could be required to do more, and prove that he had not
 
 assigned
 
 or transferred to the lessor of the plaintiff his rights under his certificate of purchase, and without such assignment there was no authority to issue the grant.
 
 *516
 
 Judgment reversed. Yerdict set aside, and judgment that the plaintiff be nonsuited.
 

 Per Curiam.
 

 Judgment reversed.